A99A1981. VASCHE et al. v. JOHN WIELAND HOMES, INC.
(530 SE2d 276)

PHIPPS, Judge.

Steve and Tyra Vasche appeal the trial court's grant of summary judgment to John Wieland Homes, Inc. on their claims for damages and injunctive relief. The issue is whether the trial court properly interpreted a 1991 release agreement between the Vasches and Wieland to bar the instant action. We find the release is ambiguous whether the parties intended it to bar subsequent actions such as this. Accordingly, we reverse the grant of summary judgment.

The Vasches are homeowners, and Wieland is the developer of a subdivision on property bordering the Vasches'. In 1990, the Vasches filed suit against Wieland, claiming that Wieland's grading activities had altered the drainage pattern for the area and caused water, silt and mud to flow onto their property. They asserted that they suffered damage to their home, driveway and other structures and diminished ability to use and enjoy their property.

In 1991, the Vasches settled their claims against Wieland. As part of the settlement, Wieland paid the Vasches $62,500 and agreed to undertake several tasks such as cleaning and deepening a pond, attempting to link the pond to a cross drain and filling a hole in the Vasches' yard. The settlement agreement included the subject release of claims.

In August 1995, the Vasches sued Wieland again for damages allegedly caused to their property by grading done by Wieland after February 1995.

Wieland filed a motion for summary judgment asserting that the Vasches' current action is barred by the terms of the 1991 release. The court granted summary judgment to Wieland on that basis.

The court analyzed the language of the release and concluded on four bases that the action fell within those intended to be proscribed. First, the release said Wieland was released "from any and all claims, demands, suits, actions and any consequences of every kind

or nature, *relating directly or indirectly to the matters alleged in the [Vasches'] Complaint.*"[1] Second, the release stated Wieland was released from

> all claims . . . for property damage and . . . consequential damages, known or unknown, *which may be traced directly or indirectly to the matters alleged in the [Vasches'] Complaint*, as now appearing or as may appear at any time in the future, *no matter how remotely they may be related to said incidents*.[2]

Third, the Vasches did not specifically reserve any claims. And fourth, the release stated it was being executed "with the full knowledge and understanding that *there may be more serious damages which are not known, or which may occur in the future*."[3]

While it is clear the release was intended to preclude claims and damages actions resulting from grading by Wieland as of the date the release was executed, it is not clear that it was intended to apply to claims and damages actions stemming from subsequent grading activities by Wieland. The Vasches assert the instant action arises from grading by Wieland years after the release was executed. Though the Vasches' current claims and alleged damages are similar to those asserted in their 1990 action, they are not necessarily "related."

Moreover, we note two provisions in the release which suggest it may not have been intended to apply to claims arising from subsequent activities by Wieland. First, the release stated that it applied to "all claims . . . made in the [first] lawsuit . . . and all claims that could be made in [that] lawsuit." The instant claims for damages could not have been included in the first lawsuit. Second, the release said it was intended to settle all claims for current and future consequential damages which are in any way related to the "incidents" alleged in the Vasches' complaint. The incidents alleged in the Vasches' complaint were past and not future events.

We find that even after consideration of the language of the release and applicable rules of construction,[4] the intent of the parties to the release is ambiguous and arguably supports a conclusion that the release was not intended to proscribe actions arising from future

---

[1] (Emphasis supplied.)

[2] (Emphasis supplied.)

[3] (Emphasis supplied.)

[4] See OCGA § 13-2-2 (general rules of construction); *Bradley v. British Fitting Group*, 221 Ga. App. 621, 624 (3) (472 SE2d 146) (1996) (absent specific reservation of claims, settlement generally construed to be a final disposition of all claims between the parties arising out of the underlying transaction).

conduct by Wieland.[5] In this situation, summary judgment cannot be based on the release, because the intent presents a genuine issue of material fact for determination by a jury.[6] For this reason, we reverse the court's grant of summary judgment to Wieland.

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 2000 —
RECONSIDERATION DENIED MARCH 28, 2000.

*Beck, Owen & Murray, Samuel A. Murray, James W. Kytle,* for appellants.

*Dennis, Corry & Porter, James S. Strawinski, Michael L. Goldberg,* for appellee.

---

[5] Compare *Karlan, Inc. v. King,* 202 Ga. App. 713, 715 (1) (415 SE2d 319) (1992).
[6] Id.; see also OCGA § 9-11-56 (c) (standard for summary judgment).